## In re BOSTON DRY DOCK CO.

### No. 64231.

District Court, D. Massachusetts.

Nov. 6, 1940.

Francis T. Leahy, of Boston, Mass., for trustee.

Leonard Wheeler, Jr., and Goodwin, Proctor & Hoar, all of Boston, Mass., for petitioner.

BREWSTER, District Judge.

In the above-entitled matter, the trustee received two offers for assets of the bankrupt and petitioned the referee for authority to accept one of the offers.

After hearing, of which general creditors had notice, the referee entered an order authorizing the trustee to accept an offer calling for the payment of $9,500 at the time of the delivery of trustee's bill of sale and a balance of $8,000 to be paid when and if the trustee was able to convey title and make delivery of certain assets, the title to which is in controversy.

It was ordered that $1,000 of the cash payment should be used for paying expenses of litigation which might be necessary in order to determine the rights of the trustee in the disputed assets.

The offer which was rejected was for a smaller amount of cash and involved additional assets but carried with it a release of certain claims for the use and occupation of the premises occupied by the trustee and for services. In this offer a condition was imposed that the trustee release the party making the offer from all claims and demands which it might have against it.

The general creditors were practically unanimous in favor of the referee's action. Some of the creditors with priority claims are now objecting.

It appears that the bankrupt entered into a lease with the Richard T. Green Company, the party making the rejected offer, in which lease it was provided that the lessee could make improvements which would be credited against the rent reserved in the lease. The bankrupt now claims that they have made improvements which, if credited, would prepay the rent for a considerable period beyond the date of bankruptcy, or the date when the lease was formally terminated by the lessor.

There were also embodied in the lease agreements on the part of the lessor to convey property to the bankrupt in exchange for preferred stock of that corporation. It is obvious that one of these agreements was not carried out, but whether the lessor has a legal excuse for refusing to perform is a question which can only be determined after litigation.

I do not consider an offer to which is attached a condition that the trustee shall surrender rights a proper way to determine the rights and obligations of either the bankrupt or parties with whom it has enter-

ed into contractual relations, whether creditors or strangers.

The referee has undertaken to protect the priority creditors by requiring $8,000 to be paid upon delivery of the bill of sale and $1,000 additional to be used for the expenses of litigation.

There is a possibility, of course, that the litigation would not terminate favorably for the trustee and that the expenses of litigation might exceed the $1,000 reserved for that purpose. I am of the opinion, however, that the referee has reached the best practicable solution of a complicated situation.

It follows that I can see no abuse of the discretion which the referee is permitted to exercise in a matter largely administrative, and his order will be affirmed.